IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MATTHEW JONES,
    *Plaintiff*,

v.

MARYLAND STATE POLICE, *et al.*,
    *Defendants*

Case No. 23-cv-3310-ABA

**MEMORANDUM and ORDER**

Mr. Jones filed his complaint on December 4, 2023. ECF No. 1. Defendant Salisbury Police Department ("SPD") filed the pending motion to dismiss on September 16, 2024. ECF No. 12. The Court will grant the motion to dismiss and, due to the frivolous nature of the complaint, the dismissal will be with prejudice.

In his complaint, Mr. Jones alleges that he was shot and killed in June 2001 by a gang that "works as law enforcement as the police of the United States." ECF No. 1 ¶ 4. Mr. Jones alleges that he was "anally and orally raped" by various unnamed local and state officials from Delaware and Maryland. *Id.* Mr. Jones further asserts that he was raped while travelling with "State Senator Thurman Adams and State Representative Benjamin Ewing" "at the airport by other citizens and the State Police of Ohio, and the local police of Cinncinnatti [*sic*]." *Id.* Mr. Jones alleges that he was killed multiple times during these rapes and that "[t]o resurrect [him] from the dead each time, a 250 year old tree needed to be converted into medicine as well as the plants that only grow around them." *Id.*

Despite the allegations, the only defendants in this case are the Maryland State Police, State of Maryland, and the Salisbury Police Department. Mr. Jones asserts

violations of 42 U.S.C. § 1983, specifically that he was subjected to cruel and unusual punishment under the 8th Amendment. *Id.* ¶ 5. Mr. Jones has also alleged various additional causes of action including negligence, rape, and sexual assault. *Id.* ¶¶ 6-17.

The SPD filed the pending motion to dismiss, to which Mr. Jones responded. ECF Nos. 12 & 14. The SPD first argues that it is not a suable entity. *See Jones v. Maryland State Police*, No. 1:23-cv-03311-JRR, 2024 WL 4522344, at *2 (D. Md. Aug. 5, 2024), *appeal dismissed*, No. 24-1985, 2024 WL 5040419 (4th Cir. Dec. 9, 2024) (a nearly identical case filed one day after the present case in which the "[t]he court further caution[ed] [Mr. Jones] that 'the Salisbury Police Department is not an entity amenable to suit[.]'") (quoting *Savage v. Mayor & City Council, Salisbury, MD*, No. 08-cv-3200-CCB, 2009 WL 1119087, at *3 (D. Md. Apr. 22, 2009)). Second, the SPD argues that the complaint fails to adequately allege any specific conduct by any City of Salisbury actor that would meet the minimum pleading standard. Indeed, the only mention of Salisbury (or Maryland) in the complaint is in Mr. Jones's allegation that he "was anally and orally raped and tormented visiting the Wicomico County District Courts in Salisbury, Maryland, by security guards, local and state police and other staff personnel." ECF No. 1 ¶ 4. Finally, the SPD argues that "the Complaint is obviously frivolous and implausible on its face." ECF No. 12-1 at 3.

Mr. Jones's response does not appear to be an actual response to the motion to dismiss. Instead, he argues that the Court has made unfair rulings. ECF No. 14 at 4-5. This is the first substantive ruling in this case, however. He also alleges that, contrary to their arguments, the Defendants do not have immunity and that his claims are not time-barred, neither of which are defenses that have yet been raised. *Id.* at 5-6. Mr. Jones does argue that his claims are not frivolous, stating that:

> I deny that my action is frivolous and am greatly offended to be accused of such. I have been accused in Court 50 times of suing frivolously, I estimate. The Police Brown of Black Race have murderously attacked me and stayed with me constantly dating back to before my birth, over 38 years ago. The Police Race have contacted and stayed with every race and every racial mix as most badly as they have done to me, in all instances of all of the known world, in all of world history.

Id. at 7. While not responsive to the motion to dismiss, Mr. Jones further asserts that he "believe[s] that we are being video and audio recorded at all times and have been for eons now, times spanning longer than nine hundred ninety nine trillion years" and that this surveillance is part of the public school system and "the Smithsonian institute's museum, and is represented in the artwork on the back of U.S. $1 bills." *Id.* at 9. Mr. Jones asserts that he is planning on "buy[ing] copies of the recordings of [his] entire life for [his] personal gain, efficacy and accuracy with [his] own memories, and to use them as exhibits at civil trials and evidence of crimes committed against [him]." *Id.* at 10.

      The Court agrees that for the reasons stated in the motion to dismiss, Mr. Jones cannot maintain his claims against the SPD. And although the Court is mindful of its obligation to liberally construe the pleadings of self-represented litigants, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), liberal construction does not mean that this Court can ignore a clear failure to allege facts that set forth a plausible claim, *see Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). "[F]rivolous complaints are subject to dismissal pursuant to the inherent authority of the court." *Chong Su Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014). A complaint is frivolous if it is "based on an indisputably meritless legal theory, but also . . . [when its] factual contentions are clearly baseless" such as those "describing fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989) (describing frivolousness under now 28 U.S.C. §

3

1915(g) in the context of self-represented prisoners). Even reading the complaint with deference to Mr. Jones, the Court has failed to find any non-frivolous plausible basis for any cause of action. Accordingly, the complaint will be dismissed.

## ORDER

For the reasons stated above, the motion to dismiss filed by the Salisbury Police Department (ECF No. 12) is GRANTED. Given the frivolous and fantastical nature of the complaint, the complaint is DISMISSED with prejudice. The Clerk of Court shall mark the case as CLOSED.

Date:  March 24, 2025                              /s/
                                            Adam B. Abelson
                                            United States District Judge